UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| GLENN D. ODOM, II, | ) |
| | ) |
| Plaintiff, | ) Civil No. 17-31-HRW |
| | ) |
| V. | ) |
| | ) |
| TRACY CLEMANS, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Glenn D. Odom, II has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [D. E. No. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Odom was confined at the Eastern Kentucky Correctional Complex ("EKCC") from June to November 2016. Odom alleges that during that period, Cathy Hyden and Nikki Lowe worked as "licensed psychological associates" at the prison providing mental health care to inmates. He also alleges that Tracy Clemans worked as a licensed psychological associate at Little Sandy Correctional Complex ("LSCC") and the Blackburn Correctional Complex performing the same duties. Odom alleges that these three individuals provided psychological counseling without the supervision of a licensed psychologist as required by Ky. Rev. Stat.

1

§ 319.064(5). He further alleges that because of insufficient staffing, they had to cancel appointments to address emergencies and often fell behind in responding to sick call requests. Odom indicates that he filed grievances regarding these matters, but that LSCC Warden Joseph Meko, Nurse Executive Brenda Beehler, and an unnamed Mental Health Director responded that staffing levels were adequate and that the use of licensed psychological associates to perform these services is consistent with Kentucky law.

Odom's complaint refers to 42 U.S.C. § 1983 but does not identify the source of his constitutional claims. He also refers to unidentified state law claims. For relief, Odom requests entry of a mandatory injunction directing the defendants to only hire appropriately licensed mental health staff and to limit their workload to no more than 500 inmates per staff member. [D. E. No. 1 at 6]

As a threshold matter, Odom was transferred to the Kentucky State Reformatory after his complaint was filed. The transfer arguably renders his requests for declaratory and injunctive relief against the defendants – staff members and supervisory officials at LSCC and EKCC – moot. Cf. *Colvin v. Caruso*, 605 F.3d 282, 287, 289 (6th Cir. 2010).

In addition, having thoroughly reviewed the complaint and its attachments, the Court concludes that it must be dismissed. It is of course true that the Constitution requires that inmates be provided with adequate medical and mental

2

health care. Cf. *Brown v. Plata*, 563 U.S 493, 510-11 (2011). While Odom contends that the mental health care provided is too infrequent to satisfy this obligation, absent from his contentions is any claim or even suggestion that he himself has actually suffered any harm as a result. A plaintiff must allege actual injury flowing from the conduct complained of in order to establish standing to assert a claim. *American Civil Lib. Union v. Nat'l Sec. Agency*, 493 F. 3d 644, 652-54 (6th Cir. 2007). Here, Odom does not allege that he himself suffered any injury from these circumstances. Instead, he appears to allege that other inmates were denied access to mental health care with sufficient frequency, but Odom lacks standing to assert claims on behalf of other inmates. Odom's complaint therefore fails to clear the threshold of justiciability, and must be dismissed.

Odom's unidentified state law claim appears to arise under Ky. Rev. Stat. § 319.064(5), which requires a licensed psychological associate to practice under the supervision of a licensed psychologist for most, although not all, purposes. However, the "fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). Here, the Kentucky statute does not expressly create a private right of action to enforce its provisions, and the Court concludes that one may not be inferred.

3

Particularly where a statute already provides a detailed remedial scheme, inferring a private cause of action to do the same work is strongly disfavored. Cf. *Bowling Green v. Martin Land Devel. Co., Inc.*, 561 F. 3d 556, 560-61 (6th Cir. 2009). In this instance, the statute expressly authorizes the Board of Psychology to impose a range of sanctions for noncompliance with the terms of the chapter, including suspension or revocation of credentials to practice psychology. Ky. Rev. Stat. 319.082. In addition, the Board is authorized to file suit "to restrain or enjoin any violation of this chapter, rules and administrative regulations, or order of the board," and to obtain representation by city, county, and state attorneys to enforce the provisions of Chapter 319. Ky. Rev. Stat. 319.118(2), (4). The existence of this detailed remedial scheme, particularly when accompanied by the absence of any indication that the statute was expressly designed to confer rights upon a class of persons including the plaintiff, warrants the conclusion that no private right of action to enforce Chapter 319 should be inferred. *Cort v. Ash*, 422 U.S. 66, 78 (1975).

Accordingly, it is **ORDERED** as follows:

1. Odom's complaint [D. E. No. 1] is **DISMISSED**.

2. This matter is **STRICKEN** from the active docket.

This the 17th day of May, 2018.



Signed By:
**Henry R. Wilhoit, Jr.**
**United States District Judge**